57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen CURRY, Defendant-Appellant.
 No. 94-3600.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: JONES, NELSON, and RONEY, Circuit Judges.*
 PER CURIAM:
 
 
 1
 On the appeal of his conviction for firearms violations, Stephen Curry raises three issues: (1) a Brady violation, (2) failure to grant acquittal because of insufficient evidence on an accessory after the fact charge, and (3) the verdict was against the manifest weight of the evidence. We affirm.
 
 
 2
 Curry was convicted of being a felon in possession of a firearm, receiving firearms while under indictment, receiving stolen firearms, and accessory after the fact to robbery affecting interstate commerce. He was acquitted of conspiracy to commit robbery affecting interstate commerce.
 
 I. Brady Violation
 
 3
 These are the facts concerning the alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). In the prosecution of its case against defendant concerning the firearms charges, the United States elicited testimony from Michael Robinson that Robinson and a Lester Goens traded a small amount of crack cocaine to the defendant in exchange for a .357 pistol and a sawed-off 12 gauge shotgun. Both parties stipulated that both of these guns were stolen from the Testa residence. Lester Goens gave a statement to Agent Turner on April 28, 1993 that conflicted with Robinson's identification, however. Significantly, Goens identified another individual--a Tony Burkes--as the person from whom he received the firearms in question, and did not identify the defendant in a photo array shown to him by Agent Turner.
 
 
 4
 The United States Attorney failed to tender a copy of this exculpatory evidence to defendant's counsel prior to trial. Defendant was not aware of this information until the Government rested.
 
 
 5
 Defendant claims that since he did not have this exculpatory evidence to aid his preparation for trial and cross-examination of Michael Robinson, defendant was denied his due process right under the Fifth Amendment of a fair and impartial trial.
 
 
 6
 The United States Supreme Court has held that a defendant has a constitutionally protected privilege to request and obtain from the prosecution evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed. Brady v. Maryland, 373 U.S. 83 (1963). "Even in the absence of a specific request, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about that defendant's guilt." California v. Trombetta, 467 U.S. 479, 485 (1984), citing United States v. Agurs, 427 U.S. 97, 112 (1976). In order to find a Brady violation, the Court must find that the suppressed evidence was material and that it was favorable to the accused. Id.; Elmore v. Foltz, 768 F.2d 773 (6th Cir. 1985).
 
 
 7
 In the case at bar, Goen's statement that directly contradicts Robinson's identification raises a reasonable doubt concerning the defendant's possession of the stolen firearms. It is material in that it identifies another individual in possession of the guns, and it is clearly favorable to the accused as it challenges the testimony of an eyewitness.
 
 
 8
 Defendant does not allege that the United States acted in bad faith. The prosecutor initially misunderstood Goens' statement to identify "Tone" as the defendant, when in fact Goens meant Tony Burkes.
 
 
 9
 Once the Government realized that Lester Goens' statement was potentially exculpatory for Curry, the Government gave the statement to Curry and assisted the court in obtaining the presence of Goens, incarcerated in a state facility. Goens testified fully and rebutted the testimony of Robinson implicating Curry. Although Curry argues that he should have known of the Goens' statement when he cross-examined Robinson, he could not have used Goens' statement itself, but only the knowledge of the statement. There was a thorough cross-examination of Robinson. Presumably Robinson could have been recalled for further cross-examination if defendant had so requested. Under all of the circumstances of this case, Curry has not shown that his due process rights were infringed by the manner in which this exculpatory evidence was handled by the trial court.
 
 II. Denial of Acquittal Motion
 
 10
 Although Curry filed a Rule 29 motion for acquittal of the accessory after the fact charge at the close of the Government's case, the motion was not renewed at the close of all the evidence. The denial, therefore, is reviewed for plain error and manifest miscarriage of justice. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir. 1989); United States v. Rigsby, 943 F.2d 631, 644 (6th Cir. 1991), cert. denied, 503 U.S. 908 (1992); United States v. Morrow, 977 F.2d 222, 230 (6th Cir. 1992), cert. denied, U.S. , 113 S.Ct. 2969 (1993). Curry has not demonstrated on this appeal either plain error or a manifest miscarriage of justice.
 
 III. Insufficient Evidence
 
 11
 Contrary to Curry's weight of the evidence argument, when viewed in the light most favorable to the jury verdict, the evidence was sufficient to support a finding of guilt beyond a reasonable doubt, as set forth in the Government's brief. United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir. 1985), cert. denied, 475 U.S. 1017 (1986). Issues of credibility are for the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir. 1989).
 
 
 12
 AFFIRMED.
 
 
 13
 Nathaniel R. Jones, Circuit Judge, concurring.
 
 
 14
 Although I concur in the decision of my colleagues, I write separately to address the alleged Brady violation.
 
 
 15
 On appeal, Curry argues that the government's disclosure of Goens' statement after the government had finished its case in chief was so untimely as to deny him due process under Brady v. Maryland, 373 U.S. 83 (1963), because he was unable to cross-examine Michael Robinson concerning the exculpatory evidence in the statement. The standard of review for the materiality of a purported Brady violation is de novo because it presents a mixed question of law and fact. United States v. Phillip, 948 F.2d 241, 250 (6th Cir. 1991), cert. denied, 112 S. Ct. 1994 (1992).
 
 
 16
 The Supreme Court has declared that a criminal defendant's right to due process imposes on the government an obligation "to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987); Brady, 373 U.S. at 87. No one denies that Goens' statement contained facts that were "favorable" to Curry. The real question on appeal is whether Goens' statement was also "material to guilt."
 
 
 17
 "Significantly, the issue of materiality for Brady purposes pertains only to the question of a defendant's guilt or innocence, not to the issue of a defendant's ability or inability to prepare for trial." Phillip, 948 F.2d at 249. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Ritchie, 480 U.S. at 57. "Certainly, information withheld by the prosecution is not material unless the information consists of, or would lead directly to, evidence admissible at trial for either substantive or impeachment purposes." Phillip, 948 F.2d at 249.
 
 
 18
 The government echoes this conclusion in its response to Curry's argument. The government argues that even if Goens' statement was to some extent exculpatory and favorable to Curry, it was not material with respect to Robinson's testimony or cross-examination because Goens' statement was inadmissible hearsay if offered by Curry during the examination of Robinson. See Government Br. at 21. The government is correct in this assertion.
 
 
 19
 Curry responds, however, that his "contention is not founded upon the use of this statement for impeachment purposes." Curry Reply Br. at 2.
 
 
 20
 Instead, with the knowledge that another individual allegedly involved in the purchase of the weapons with Robinson identified a "Toney Burts," Curry could have inquired of Robinson on cross-examination whether it was Burts, and not Curry, who sold him the guns. Further, Curry would have asked Robinson if he knew a Toney Burts, if said Burts illegally sold weapons or purchased crack cocaine, if Burts' appearance resembled that of Curry, etc., in order to rekindle his memory. Such an inquiry would have adduced testimony sufficient for the jury to make an informed decision regarding the veracity of the witnesses and the true identity of the gun seller.
 
 
 21
 Curry Reply Br. at 2-3. Because the disclosure of Goens' statement came at the close of the government's case, Curry claims he was not afforded the opportunity to pursue this line of questioning with Robinson.
 
 
 22
 I believe that Curry's argument is ultimately meritless for a couple of reasons. First, Curry provides no explanation for why he did not request that Robinson be recalled for additional cross-examination. After the statement was disclosed to him, he had every opportunity to request that Robinson take the stand again for further cross-examination in light of the delayed disclosure of Goens' statement, but Curry made no such request of the court or the government.
 
 
 23
 Second, I am not convinced that the government's error resulted in the suppression of evidence that was "material to guilt." In other words, assuming that the government's error did prevent Curry from pursuing the above-stated line of questioning of Michael Robinson, I do not think there is a reasonable probability that, had the evidence been disclosed properly to the defense, the result of the proceeding would have been different. We are not dealing with a situation in which the exculpatory evidence came to light after the trial had concluded. Curry received Goens' statement before the defense began its case in chief. Goens, in fact, testified for the defense, and Curry exercised his opportunity during Goens' testimony to fully address the potentially exculpatory evidence contained in Goens' statement. Accordingly, under these circumstances, the government did not violate Curry's due process rights by failing to disclose Goens' statement until after it had completed its case in chief.
 
 
 
 *
 The Honorable Paul H. Roney, Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation